SAMUEL A. PARKER, General Treasurer, *v*. EARL P. MASON and others.

8 427
14 373

A bank, duly authorized, reduced the par value of its shares in consequence of certain supposed losses. Upon the recovery of the sums supposed to have been lost, it issued additional stock to its shareholders. Held, that a legatee having a right for life to the income of certain shares under a will approved prior to these changes, was not entitled to an unconditional certificate of the new dividend stock.

ACTION of debt on bond, conditioned for the performance of all the obligations of the Arcade Bank, given pursuant to statute by the president and directors of the bank to the General Treasurer of the State, upon the organization of the bank under the act of Congress as a national bank. The parties in interest in certain stock of the bank bring suit on the bond. The cause was submitted by Wingate Hayes for the actual plaintiffs, and Benjamin F. Thurston for the defendants in interest, upon an agreed statement of facts. They sufficiently appear in the opinion of the Court.

DURFEE, J. According to the agreed statement of facts in this case, Dr. John Mackie, late of Providence, by his will, gave his residuary estate to his daughter, Mary Rebecca Mackie, (now Mary R. Johnson, for whose benefit this suit is brought,) subject to certain provisions in said will mentioned. He directed his executor to invest the money as it should be collected, in bank or other permanent stock, in her name, as part of his estate given by the will, and to be so specifically designated,— the income, profits and interest of the estate so devised, or so much as should be required, to be applied and expended in her education and support. In case of her death, leaving no issue of her body living at the time, the estate to go to the testator's brother.

Under these provisions of the bill, Mary R. Mackie, now Mary R. Johnson, became entitled to have the income, profits and interest of the estate devised to her, to be used in her edu-

cation and support, but not to have any portion of the corpus or principal of such estate.

With other property which passed under the will to said Mary, were ninety-four shares of the capital stock of the Arcade Bank in Providence, which were, when they passed to said Mary, of the par value of $50 per share, and which shares have always stood on the books of the bank in her name, she receiving the cash dividends thereon previous to January, 1865.

In January, 1860, upon the petition of the president, directors and stockholders of the bank, representing that through losses the capital stock of said bank had been greatly reduced, and praying that the par value of its shares might be reduced from $50 to $25 per share, an act of the General Assembly was passed reducing the par value of the shares as requested.

After this, and previous to January, 1865, the bank succeeded in collecting of debts due it the sum of $198,000, the same being a portion of the debts supposed to be bad, and on account of which the par value of the stock had been reduced. This enabled the bank to issue to its stockholders new shares of stock, in the ratio of one share for every two held by them respectively, which it accordingly voted to do. On the 10th January, 1865, the husband of Mrs. Johnson drew his check for dividends on her ninety-four shares, which the cashier refused to pay, writing on the back of the check as follows, to wit:—
" This bank makes no cash dividends, but a stock dividend of 50 per cent., making the number of shares now owned by you 141 instead of 94, as before."

Subsequently, Mrs. Johnson demanded a certificate of the forty-seven new shares apportioned to her. The bank refused to deliver a certificate in the ordinary form, but promised to give her one to which was added the words, " subject to the will of John Mackie." Mrs. Johnson refused to accept such a certificate, and has brought this suit to test her right to a certificate in the ordinary form.

Under the will of John Mackie, as we have already seen, Mrs. Johnson is not entitled to have the forty-seven new shares, except as subject to the provisions of that will, unless she can

show her right to them as "the income, profits or interest," of the ninety-four shares by virtue of which she claimed them. This she does not show by the statement of facts under which the case is submitted. On the contrary, it appears by that statement, that the $198,000 which was added to the capital of the bank as the basis of the new shares, instead of being the income, profit or interest of the old shares, was money recovered on a debt previously supposed to be lost, and partly on account of which the par value of the old shares was reduced from $50 to $25 each.

But for the act of the General Assembly reducing the par value of the shares, there could be no claim that the money thus recovered should be regarded as income, profit or interest. But for that act, it would be universally regarded as capital, once supposed to be lost, and now again restored. It is, however, contended for Mrs. Johnson, that under the act it cannot be so regarded. It is agreed that, being a stockholder in the bank, she is entitled to have her rights determined by the charter of the bank, and that, the par value of the shares having been reduced by amendment of charter so as to correspond to a reduced capital, there is no longer any deficiency of capital to be supplied, and that consequently she is entitled to have the dividend, which has been declared, for her own use, like any other stockholder. The defect in this reasoning is, that it leaves the will of John Mackie out of the account. It is true that Mrs. Johnson is a stockholder in the Arcade Bank, and as such she might be treated by the bank, in the absence of any knowledge of the will, precisely like any other stockholder; but she is, nevertheless, a stockholder in the bank subject to the will; and as such, she is only entitled to have for her own use, "the income, profits and interest" of the shares which came to her under the will; and this being so, we are brought back to the question, whether the $198,000 of recovered debt can be regarded as income, profits or interest on the old shares of stock? We think not. The new shares come to Mrs. Johnson as a restitution for a loss of property which she received under John Mackie's will; and they should therefore be held by her like

the property which they replace, subject to the provisions of that will.

This being our opinion, we think it was no valid objection to the certificate offered to Mrs. Johnson that it contained the words, "subject to the will of John Mackie," and, therefore, under the agreement by which the case is submitted, we must enter judgment for defendants for costs.